RYAN & LIFTER
Jill J. Lifter, State Bar No. 120832
2000 Crow Canyon Pl., Suite 400
San Ramon, CA 94583
jlifter@rallaw.com
(925) 884-2080 / 884-2090 (fax)

LYDECKER|DIAZ
Alex Tirado-Luciano, *pro hac vice*
1221 Brickell Avenue
19th Floor
Miami, Fl 33131
(305) 416-3180 / (305) 416-3190 (Fax)
atl@lydeckerdiaz.com

Attorney(s) for Defendant,
DEMILEC, INC.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| H. BRAD DORKEN, | CASE NO.: 2:15-CV-01628-TLN-CMK |
| Plaintiff, | **AGREED CONFIDENTIALITY AND NON-DISCLOSURE PROTECTIVE ORDER** |
| vs. | |
| DEMILEC, INC., Et Al. | |
| Defendants. _____/ | |

**THIS MATTER** came to be heard upon the agreement and stipulation of the parties, the Court having reviewed said agreement and stipulation and being otherwise fully advised in the premises, does hereby finds as follows:

A.  Plaintiff, H. Brad Dorken (hereinafter "Plaintiff"), and Defendant, Demilec Inc., (hereinafter "Defendant"), hereby stipulate to the following provisions regarding confidentiality of materials pursuant to Fed. R. Civ. P. 26(c), and request that the Court enter this Protective Order.

B.   Discovery and trial in the above-captioned matter will require production of documents and testimony that contain trade secret or other confidential information requiring protection against unrestricted disclosure and use.

C.   In the absence of a protective order governing the production and protection from disclosure of such information, the parties and the Court may be required to devote an undue amount of time and effort to issues regarding the confidentiality of specific information produced in discovery.

D.   The parties have shown good cause for the entry of the following order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

It is therefore **ORDERED AND ADJUDGED** as follows:

1.   "Document" or "documents" means information, recordation and storage media *of any kind*, including, but not limited to, written, photographic, audio, video, magnetic, electronic, optical, or other media.  This definition also includes, but is not limited to, written, audio, or video productions of oral statements or events; answers to requests for documents in lieu of submission of documents; and original versions and reproductions by whatever means.

2.   The term "Producing Party" includes any party and any nonparty who produces information or documents incident to discovery in these proceedings, including, but not limited to, Berkeley Analytical.

3.   The term "these proceedings" means the proceeding designated in the caption to this Order and all appeals, interlocutory proceedings and collateral or ancillary proceedings.

4.   The term "Parties" means the Plaintiff and Defendant.

5.   The term "Confidential Information" means any information or document produced by a Producing Party that in good faith the Producing Party believes constitutes a trade secret or other confidential or proprietary business, technical or financial information subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure.  The term also encompasses any other information the disclosure of which is likely to have the effect of causing significant competitive harm to the Producing Party or party from which the information was obtained. Under no circumstances will "Confidential Information" include any information or documents

Ryan & Lifter

_____    **PAGE 2**
**AGREED CONFIDENTIALITY AND NON-DISCLOSURE PROTECTIVE ORDER**

obtained by a Party or its counsel from any source outside of this Case, including, but not limited to, by prior disclosure of a Party or its agents, representatives or employees. No Party or third party shall make the "Confidential Information" designation over documents or information it knows to have been so previously disclosed.

6. Confidential Information shall be classified as either "CONFIDENTIAL" or "FOR COUNSEL ONLY" by the Producing Party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, information revealed in response to a non-party subpoena, or otherwise. Information or material which is available to the public, including catalogues, advertising materials, and the like, shall not be deemed "Confidential Information."

7. Documents produced in this action may be designated by any party or third party as Confidential Information by marking each page of the document so designated as either "CONFIDENTIAL" or "FOR COUNSEL ONLY."

8. All Confidential Information produced or exchanged by the parties or by third parties in the court of this proceeding shall be used solely for the purpose of conducting these proceedings and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order.

9. Confidential Information classified as "CONFIDENTIAL" shall not be disclosed or communicated to anyone other than the following persons:

   a. The Parties, including their insurers, employees, officers, and directors, provided that such persons execute a copy of the Agreement To Be Bound by and Comply with Protective Order in the form attached as Exhibit A prior to any disclosure. A copy of the signed Agreement To Be Bound by and Comply with Protective Order must be retained by counsel for the party making such disclosure so that it may be shown to counsel for the Producing Party if the Producing Party so requests;

   b. Attorneys of record for the parties in this proceeding including the respective partners, of counsel, associates and employees of such attorney to whom it is

necessary that the material be shown for purposes of this proceeding;

c. In-house counsel for the respective Parties, including necessary secretarial, clerical and litigation support or copy service personnel assisting such counsel;

d. Independent experts and consultants retained by a party to testify or perform other services in connection with these proceedings, provided that such expert or consultant first executes a copy of the Agreement To Be Bound by and Comply with Protective Order in the form attached as Exhibit A prior to any disclosure. A copy of the signed Agreement To Be Bound by and Comply with Protective Order must be retained by counsel for the party making such disclosure so that it may be shown to counsel for the Producing Party if the Producing Party so requests;

e. Court reporters in connection with their duties in providing recording and transcription services for depositions conducted in connection with these proceedings, so long as any portion of recording, transcription, or deposition referring or using such document is designated as confidential;

f. Personnel of any Court, including judges, official reporters, law clerks, and other authorized personnel, to the extent necessary for them to perform their duties in connection with these proceedings.

g. Third-party and Party witnesses deposed in this action and their counsel, if separate from counsel to the Parties, provided that such witnesses and counsel shall be provided copies of this Protective Order prior to or at the outset of the deposition and that such witnesses, on the record at the deposition, shall be informed that he, she, or it (and the witness's counsel, if any), must agree to be bound by the terms of this Protective Order, and shall be requested to execute the Agreement To Be Bound by and Comply with Protective Order in the form attached as Exhibit A prior to any disclosure. A copy of the signed Agreement To Be Bound by and Comply with Protective Order must be

retained by counsel for the party making such disclosure so that it may be shown to counsel for the Producing Party if the Producing Party so requests.

10. Confidential Information classified as "FOR COUNSEL ONLY" shall not be disclosed or communicated to anyone other than the following persons:

   a. Attorneys of record for the parties in this proceeding including the respective partners, of counsel, associates and employees of such attorney to whom it is necessary that the material be shown for purposes of this proceeding;

   b. In-house counsel for the respective Parties, including necessary secretarial, clerical and litigation support or copy service personnel assisting such counsel;

   c. Outside counsel for the Parties' insurers, provided that such persons execute a copy of the Agreement To Be Bound by and Comply with Protective Order in the form attached as Exhibit A prior to any disclosure. A copy of the signed Agreement To Be Bound by and Comply with Protective Order must be retained by counsel for the party making such disclosure so that it may be shown to counsel for the Producing Party if the Producing Party so requests;

   d. Independent experts and consultants retained by a party to testify or perform other services in connection with these proceedings, provided that (i) no such expert or consultant is a director, officer, or employee of any other Party or a current employee of entities that are competitors of any Defendant and (ii) such expert or consultant first executes a copy of the Agreement To Be Bound by and Comply with Protective Order in the form attached as Exhibit A. A copy of the signed Agreement To Be Bound by and Comply with Protective Order must be retained by counsel for the party making such disclosure so that it may be shown to counsel for the Producing Party if the Producing Party so requests;

   e. Court reporters in connection with their duties in providing recording and transcription services for depositions conducted in connection with these

proceedings, so long as any portion of recording, transcription, or deposition referring or using such document is designated as confidential;

f.  Personnel of any Court, including judges, official reporters, law clerks, and other authorized personnel, to the extent necessary for them to perform their duties in connection with these proceedings.

g.  Witnesses where at least one of the following conditions applies: (i) the witness is a current employee of the Producing Party and Confidential Information was produced by the Producing Party; (ii) the attorney taking the deposition and showing the witness the Confidential Information represents the Producing Party and the Confidential Information was produced by the Producing Party; (iii) the witness's name appears in the Confidential Information as a person who has previously seen or had access to the material or it is otherwise established that the witness has previously seen or had access to the material or knows the information contained within it; (iv) the Producing Party has consented on the record of the deposition to the showing of the Confidential Information to the witness; (v) if the witness if not an employee of the Producing Party, at least ten (10) days before the deposition, a Party wishing to show the witness the Confidential Information notifies the Producing Party of that intent, with a specific listing of the material to be shown and the Producing Party fails to object in writing to such showing within a seven (7) day period, but if an objection in writing is made, such material will not be shown to the witness until and unless the Party wishing to show such material to the witness moves for and obtains appropriate relief from the Court upon good cause shown.

h.  Nothing herein shall preclude the attorneys of record from discussing with their respective clients Confidential Information designated "FOR COUNSEL ONLY" in the rendition of advice as contemplated by paragraph 20 below, so

long as the documents and information so designated are not shown to the clients unless otherwise allowed by this paragraph 8 and its subparts.

11. Any Party or third party may designate deposition testimony as Confidential Information by indicating on the record at the deposition that the testimony is Confidential Information, along with the appropriate classification, and is disclosed subject to the provisions of this Order. The reporter shall mark all copies of the transcript "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," and shall include a notice of the pages and lines of the transcript that should be treated as Confidential Information, including the classification.

    a. Any party or third party also may designate information disclosed at such deposition as Confidential Information by notifying all of the parties in writing within thirty days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript that should be treated as Confidential Information. Each party shall attach a copy of the written notice to the face of each copy of the transcript in his/her possession, custody or control.

    b. If a document that has previously been designated as Confidential Information is made an exhibit to a deposition, the excerpts of the deposition transcripts discussing such exhibit shall be marked "CONFIDENTIAL," and the list of exhibits included by the reporter with any transcript shall indicate which exhibits have been designated as Confidential Information.

    c. If the Court's rules require the filing of depositions with the Court or if such filing is required in a particular instance, any deposition transcript or exhibits containing Confidential Information shall be marked "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" and filed under seal.

    d. It shall be the obligation of the Party seeking protection of deposition testimony or exhibits to ensure compliance with the provisions of this paragraph 11 and its subparts.

12. The failure to challenge the propriety of a designation of Confidential Information at the time made shall not preclude a subsequent challenge. If counsel for any party

disagrees with the designation of Confidential Information by a Producing Party, counsel shall try first to resolve their dispute informally and in good faith. If counsel cannot resolve the dispute within three business days, the objecting party may seek appropriate relief from the Court in the form of a discovery motion as provided in this jurisdiction's Local Rule 251. The information that is the subject of dispute or motion under this paragraph shall be treated as Confidential Information pending resolution of the objection by the Court and for thirty (30) days after any Court order removing a designation of Confidential Information to allow the Producing Party to seek appellate review, and while appellate review is pending.

13. If counsel for a Party refers to or includes Confidential Information in motions, briefs, affidavits or other written pleadings, motions, or material filed with the Court, counsel for that party shall give notice of the intent to so use Confidential Information to the Producing Party, including the description of the specific Confidential Information to be used, 15 days prior to filing such Confidential Information with the Court. This is to allow the Producing Party an opportunity to seek a sealing order pursuant to the procedures set forth in this jurisdiction's Local Rule 141. If no such sealing order is sought within 15 days, the Party seeking to file the Confidential Information with the Court may do so and not be in violation of this Protective Order. If a sealing order is sought by the Producing Party, the party seeking to file the Confidential Information with the Court shall not file the Confidential Information with the Court until the Court has ruled on the request for the sealing order. If the Court enters a sealing order, each such written submission shall bear in prominent form on the first page of the submission the following legend:

**FILED UNDER SEAL; CONTAINS MATERIAL SUBJECT TO A PROTECTIVE ORDER OF THE COURT WHICH LIMITS DISCLOSURE AND USE. ACCESS LIMITED TO PERSONS AUTHORIZED BY THE PROTECTIVE ORDER UNLESS OTHERWISE ORDERED BY THE COURT.**

a. To the extent practicable, counsel filing such written material shall segregate the portions containing Confidential Information so as to limit the extent to

which material must be maintained under seal.

b. Copies of written material containing Confidential Information filed with the Court as provided in paragraph 13 may not be provided to any person or entity other than those set forth in paragraphs 9 and 10, except that copies of such written material may be provided to parties to these proceedings if all Confidential Information is first redacted from the copies provided.

14. The provisions of this Order, or any designation or failure to designate particular information as Confidential Information pursuant to this Order, shall not be construed in any other context or proceeding before any other court, agency or tribunal as a waiver or admission that such information is or is not confidential or proprietary.

15. A Producing Party shall make a good faith effort to designate discovery material as confidential at the time of production. Inadvertent or unintentional disclosure by any Producing Party of confidential discovery material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver of a party's claim of confidentiality, as to either a specific document or any information contained therein, and the parties shall, upon notice, thereafter treat such discovery material as Confidential Information. A receiving party shall make a good faith effort to locate and mark as "CONFIDENTIAL" or "FOR COUNSEL ONLY" any copies of such discovery material.

16. If information that is subject to a claim of privilege or of protection as trial-preparation material is disclosed in discovery, the party making the claim of privilege may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Nothing in this paragraph shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, although all parties agree not to argue that disclosure itself constitutes a waiver of any applicable privilege or protection.

17. Within thirty (30) days of the conclusion of these proceedings, all Confidential Information shall be either: (1) returned to the Producing Party, or (2) destroyed under the supervision of counsel of record for the recipient, with a certificate of destruction furnished to counsel for the Producing Party. It is the responsibility of the Producing Party to request the Party in possession of the Confidential Information to follow the requirements of this paragraph, and failure to do so within 60 days after the conclusion of this lawsuit shall constitute a waiver by the Producing Party of the requirements of this paragraph.

18. The obligations imposed by this Order shall remain in effect after these proceedings have concluded.

19. Nothing in this Order may be construed to restrict any Party's right to challenge the admissibility or use of Confidential Information on any ground other than confidentiality, including but not limited to competence, relevance, or privilege (other than trade secret privilege).

20. This Order shall not bar any attorney of record in these proceedings in the course of rendering advice to his client with respect to these proceedings from conveying to any party to these proceedings his general evaluation of any Confidential Information produced or exchanged in these proceedings; provided, however, that in rendering such advice and otherwise communicating with his/her client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party or third party which disclosure would be contrary to the terms of this Order.

21. If Confidential Information in the possession of a Party is sought by subpoena or any other form of compulsory process of any court, administrative or legislative body, or of any person or tribunal purporting to have authority to seek such Confidential Information by compulsory process, the Party to whom the process is directed shall promptly give written notice of such process to the Party designating the information as confidential (the "Designating Person"), cooperate to the extent necessary to permit the Designating Person to quash such process, and shall not make production of such information until 10 days after the Designating Person has received written notice of such process as required herein (unless otherwise ordered

Ryan & Lifter

_____ PAGE 10
**AGREED CONFIDENTIALITY AND NON-DISCLOSURE PROTECTIVE ORDER**

to do so by the court, administrative or legislative body, in which case the Party to whom such process is directed shall provide the Designating Person as much notice as reasonably possible while not violating such order).

22. If any Confidential Information is disclosed to any person other than in a manner authorized by this Protective Order, the Party responsible for the disclosure or knowledgeable of such disclosure shall, upon discovery of the disclosure, immediately inform the Producing Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the Party responsible for the disclosure or knowledgeable of the disclosure (including, without limitation, the name, address, and employer of the person to whom the disclosure was made), and shall immediately make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information.  The Producing Party shall be entitled to seek all remedies available under the law.

23. In the event that this action is transferred to another court, the Protective Order will remain in full force and effect.  The Parties agree to present this Protective Order (or another protective order mutually agreed by the Parties) to the transferee court for entry as necessary.

24. In the event additional parties join or are joined in this action, they shall not have access to any Confidential Information until the newly-joined party or its counsel has executed and, at the request of any Party, filed with the Court, its agreement to join and be fully bound by this Protective Order.

Dated: March 9, 2017                     Respectfully submitted,

FOR PLAINTIFF H. BRAD DORKEN

| /s/ James T. Phillips | /s/ Wayne H. Maire |
|---|---|
| Cantey Hangar, LLP | Maire & Deedon |
| 1999 Bryan Street, Suite 3300 | Post Office Drawer 994607 |
| Dallas, Texas 75201 | Redding, California 96099 |
| (214) 978-4100 / (214) 978-1450 (fax) | (530) 246-6050 / (530) 246-6060 (fax) |

Ryan & Lifter

_____ **PAGE 11**
**AGREED CONFIDENTIALITY AND NON-DISCLOSURE PROTECTIVE ORDER**

FOR DEFENDANT DEMILEC, INC.

| | |
|---|---|
| /s/ Alex Tirado-Luciano | /s/ Jill J. Lifter |
| Lydecker \| Diaz | Ryan & Lifter |
| 1221 Brickell Avenue | 2000 Crow Canyon Pl. |
| 19th Floor | Suite 400 |
| Miami, Florida 33131 | San Ramon, California 94583 |
| (305) 416-3180 / (305) 416-3190 (fax) | (925) 884-2080 / (925) 884-2090 (fax) |

**DONE AND ORDERED** this 8th day of March, 2017.

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT "A"**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

H. BRAD DORKEN,   CASE NO.: 2:15-CV-01628-TLN-CMK

    Plaintiff,

vs.

DEMILEC, INC., Et Al.

    Defendants.
_____/

**AGREEMENT TO BE BOUND BY AND COMPLY WITH PROTECTIVE <u>ORDER</u>**

    1.    I have been advised by counsel for a party in the captioned proceedings that it will be necessary for me to receive access to information that has been designated as Confidential Information pursuant to a protective order in the proceedings.

    2.    I have been furnished and have reviewed a copy of the Protective Order Governing Confidentiality of Documents and Information (the "Protective Order") and counsel has further informed me of the obligations that it imposes upon those who receive Confidential Information. I understand that the Protective Order, among other things, prohibits the use of any information designated as confidential for any purpose other than these proceedings, and further that I am prohibited from disclosing Confidential Information (or any copies, extracts, summaries or information otherwise derived from such information) to any other person except as specifically provided for in the Protective Order.

Ryan & Lifter

_____ **PAGE 13**
**AGREED CONFIDENTIALITY AND NON-DISCLOSURE PROTECTIVE ORDER**

3.       In consideration of my being furnished Confidential Information, I agree to be bound by the terms of the Protective Order and to comply with those terms. I further acknowledge and agree that the terms of the Protective Order are enforceable against me as a contract by any party both during and after the conclusion of this proceeding. I submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of ensuring compliance with the Protective Order.

Date: _____                    Signature: _____

                                                              Type or Print
Name: _____

Ryan & Lifter

**AGREED CONFIDENTIALITY AND NON-DISCLOSURE PROTECTIVE ORDER**                                **PAGE 14**